JOHN G. BAIN, Respondent, v. GEORGE W. CLARK, Appellant.

1. *Evidence—Hearsay.*—The statements of a third party who is a competent witness are not admissible in evidence.
2. *Contract—Bailment—Factor.*—A commission merchant receiving goods to be sold, must account for the proceeds to the party from whom he received the goods, until the true owner interfere and demand them.

*Appeal from St. Louis Court of Common Pleas.*

Plaintiff alleged in his petition that on or about the month of January, 1863, he shipped to defendant and defendant received five bales of cotton, belonging to plaintiff, containing 2,225 pounds, of the value of 60 cts. per pound, of the total value of $1,335 ; that the same was shipped to defendant to sell as commission merchant of plaintiff, and that defendant did sell said cotton in the month of January, 1863, and received the proceeds of such sale, and has failed and refused to pay over the proceeds thereof to plaintiff, and plaintiff asks judgment.

Defendant's answer admitted that he received five bales of cotton of the weight and value stated in plaintiff's petition, and that it was shipped in the name of plaintiff; but that, although shipped in his name, it was not his cotton, but that the same was purchased with defendant's money and belonged to him. Defendant denied that he sold the same as agent of plaintiff, and set up a counter claim for $251.

Plaintiff admitted the counter claim.

At the trial the plaintiff introduced the deposition of Jeremiah Bulkely, which in substance showed that McBain purchased the cotton in question of him and shipped it to St. Louis ; also a letter from Clark & Co., dated 7th January, 1863, to J. G. McBain, stating that the five bales of cotton,

Bain v. Clark.

shipped to them had been received and sold at 55 cents a pound. Plaintiff then rested.

Defendant read in evidence a letter of J. G. McBain in reply to the above, dated Memphis, January 12, 1863, stating that the cotton belonged to another party; also another letter, dated Memphis, January 23, 1863, stating that the cotton sent to Clark & Co. was not McBain's.

Defendant then introduced August Joins as a witness, who testified that on the 12th of October, A. D. 1862, Daniel A. Clark, a brother of defendant, and up to that time a member of the firm of Clark & Co., went south to buy cotton, and for that purpose took $2,000 belonging to the firm, but never afterwards accounted for it or returned any portion to the firm, and that he demanded of defendant the proceeds of this cotton, in the spring of 1863, as his own.

When this cotton was received, a bill of lading accompanied it; also a letter from Daniel A. Clark. Clark & Co. received no other shipment of cotton from Memphis, and no other bill of lading came with the cotton.

The bill of lading offered in evidence by defendant was objected to by plaintiff on the ground that it would contradict defendant's answer, which objection was sustained.

The bill of lading referred to showed that the cotton in question was shipped by "The Union Warehouse."

The letter which accompanied it, written by D. A. Clark, was then offered in evidence, as follows:

"Memphis, December 24, 1862. — Messrs. Clark & Co.— By request of Mr. Bulkely, the owner, I enclose bill of lading and invoice of five bales of cotton, which he wishes sold on arrival and proceeds sent him by express. Yours truly,— D. A. Clark."

To the reading of which plaintiff objected, and the objection sustained, and defendant excepted to the rejection of said letter and bill of lading.

Defendant then moved for leave to amend his answer so as to deny that plaintiff shipped the cotton in question to

him, and to deny that the bill of lading was in his name. And, being sworn in support of his motion, said that the bill of lading offered in evidence is the only bill of lading received by him with the cotton; that the same was not shipped by plaintiff nor in his name; he had always informed his counsel that the bill of lading was not in the name of plaintiff, and that he did not ship it; that, although he signed and swore to the answer, he must have overlooked the admission contained therein; that the cotton was shipped in the name of plaintiff, and the bill of lading was made in his name; that he was surprised, when he heard the answer read, that it admitted the shipping of the cotton and this bill of lading in the name of McBain, and so stated to his counsel when he heard it read in the trial to-day.

The court overruled the motion of defendant for leave to amend his answer in the manner indicated, and defendant excepted.

The testimony of August Joins resumed. He stated that he was present at an examination of Jeremiah Bulkely and other witnesses, in Memphis, on depositions; that the depositions were never finished; that he also conversed with the witness Bulkely about this cotton.

Defendant then offered to prove by the witness Joins, that in giving his deposition and in conversation with him Bulkely stated, that at the time the cotton was shipped it belonged to him and not to plaintiff; which was objected to by plaintiff, the objection overruled, and defendant excepted.

Defendant then offered to prove the same facts by the deposition of A. C. Ketchum; but plaintiff objected, the objection was sustained, and defendant excepted.

Defendant also offered in evidence several letters from D. A. Clark, stating in a letter of October 30, 1862, that he had invested a certain amount of defendant's money in cotton; another of December 1, 1862, showing that he had money of defendant's in his hands, and referring to the cotton in question as Bulkely's.

Plaintiff objected to the reading of all the above letters; the objection was sustained, and defendant excepted.

The court, on motion of plaintiff, gave the following instructions:

1. If the plaintiff shipped the cotton to defendant for sale for him, and the defendant received and sold it, then he is bound to account to plaintiff for the proceeds, unless the jury believe from the evidence that the cotton belonged to defendant.

2. The court instructs the jury that by the pleadings it is admitted by defendant that the cotton was shipped to him by plaintiff for sale as a commission merchant, and that it was sold by him for thirteen hundred and thirty-four dollars.

3. If the jury find for the plaintiff, they will find the amount for which the cotton was sold, and may allow interest thereon from the time suit was commenced; they will then find the amount of defendant's offset, with interest from the time the account was rendered, and find the balance for the plaintiff.

To the giving of which defendant at the time excepted.

The defendant then asked the following instructions, which were refused:

1. It is incumbent on the plaintiff to satisfy the jury by evidence that the cotton in question belonged to him, and that he was entitled to the proceeds thereof.

2. The defendant is entitled to the amount of his set-off, with interest from the time the suit was commenced, and the jury are instructed to allow the amount claimed in his favor.

To the refusal to give which the defendant excepted.

The jury found a verdict for plaintiff.

*Knox & Smith*, for appellant.

*Sharp & Broadhead*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

The evidence tended clearly to show that the plaintiff had shipped five bales of cotton from Memphis to the defendant,

a commission merchant at St. Louis, to be sold on commission and for his account; that the receipt and sale of the cotton were acknowledged by letter to the plaintiff, and judgment was rendered for the plaintiff for the amount of the proceeds of the sale, deducting the amount of the defendant's counter claim which was admitted.

The answer admitted the shipment of the cotton by the plaintiff by bill of lading in his name, but alleged that the property was purchased with the money of the defendant's firm and belonged to him. The evidence wholly failed to establish this fact.

The defendant excepted to the exclusion of the bill of lading offered in evidence by him, which appeared to have been made out in the name of the "Union Warehouse," and signed by "J. E. Burdeau, agent." Thereupon the defendant asked leave to amend his answer in respect of the statement contained in it that the cotton was shipped in the name of the plaintiff, and leave was denied. There was no substantial error in this. The bill of lading had no tendency to prove that the cotton belonged to the defendant rather than to the plaintiff.

Certain letters from a member of defendant's firm were offered in evidence by the defendant and excluded. These letters were clearly not admissible in evidence against the plaintiff; they were wholly *res inter alios acta*, and no part of the *res gestæ*. The defendant also offered to prove the statements of one Bulkely to the effect that he was himself the owner of the cotton, and offered in evidence a letter from the plaintiff which contained an admission that the cotton really belonged to a third party. This evidence was excluded: there was no error in excluding this evidence. The statements of Bulkely were certainly not admissible; he might himself be a witness, and as between the plaintiff and the defendant it was not material that the property really belonged to some unknown third party. The defendant was bound to account to the plaintiff, from whom he had received the goods for sale, until the true owner appeared and estab-

lished his right to the proceeds.    This evidence had no tendency to show that the cotton belonged to the defendant, and there was no proof of that fact.

The instruction given for the plaintiff appears to have been entirely correct, and the refusal of the defendant's instruction was immaterial.

Judgment affirmed.    The other judges concur.